UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITITGATION (NO. VI) | : | CONSOLIDATED UNDER MDL DOCKET NO. 875 |
| ANN BECKWITH, ADMINISTRATOR FOR THE ESTATE OF ROBERT BECKWITH AND ANN BECKWITH PERSONALLY, ET AL<br><br>Plaintiffs,<br>v.<br><br>GENERAL ELECTRIC CO., ET AL.<br><br>Defendants. | : | CIVIL ACTION<br><br>NO.: 90-cv-00216<br>(U.S.D.C. CONNECTICUT) |
| SAMUEL FYFE<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, ET AL.<br><br>Defendants | : | CIVIL ACTION<br><br>NO.: 10-CV-78949<br>(U.S.D.C. Pennsylvania Eastern)<br><br>Plaintiff Demands<br>A Trial by Jury |

**SEVERED AND AMENDED COMPLAINT**

**CLAIM ON BEHALF OF SAMUEL FYFE**

**FIRST COUNT BASED ON NEGLIGENCE AND PRODUCTS LIABILITY ON BEHALF OF SAMUEL FYFE FOR PERSONAL INJURIES AND DAMAGES**

1. The Plaintiff, SAMUEL FYFE, was employed as a welder and welding supervisor at General Dynamics / Electric Boat Division, Groton, Connecticut from on or about 1957 to 1994. He worked in areas where he was exposed to asbestos.

2a. General Electric Company is a New York corporation which does business in the State of Connecticut with a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 0643. Its agent for service is CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103.

2b. Buffalo Pumps, Inc n/k/a Air and Liquid Systems, Corporation as successor-by-merger to Buffalo Pumps, Inc. is a foreign corporation which has done business in the State of Connecticut with its principal place of business at 874 Oliver Street, North Tonawanda, NY 14120-3298.

3. The Defendants listed in paragraphs 2a through 2b were either in the business of manufacturing, distributing and selling various products or they manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for use, operation or function or acted jointly with companies and corporations that were either in the business of manufacturing, distributing and selling various products or that manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for use, operation or function to withhold or prevent information from reaching the consumers and public. During the relevant periods of time, each corporation was doing business in the State of Connecticut.

4. During the Plaintiff's employment, he was exposed to the asbestos products or products containing, involving or requiring the use of asbestos of the Defendants. As part of his employment, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products.

5. The illnesses of the Plaintiff are the proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold, distributed and otherwise put into the stream of interstate commerce, asbestos, asbestos related insulation materials, asbestos-containing products or products they knew or should have known required or involved asbestos for use, operation or function which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the Plaintiff's body, lungs, respiratory system, skin and health. At all times said asbestos, asbestos related products, and asbestos required for the use, operation or function of their products was so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous. The Defendants were aware or should have been aware that asbestos would be applied to their products or recommended or required that asbestos would be used on their products.

6. The disability, injuries, and illness of the Plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise or ordinary care, should have known, that the asbestos, asbestos-containing products and the asbestos required or recommended for or involved in use, operation or function of their products was deleterious, poisonous and highly harmful to the Plaintiff's body, lungs, respiratory system, skin and health, the Defendants nonetheless:

6a. Failed to advise the Plaintiff of the dangerous characteristics of their asbestos, asbestos related insulation products, asbestos-containing products, products which they knew or should have known required or involved asbestos for use, operation or function, or for their products for which they recommended the use of the asbestos for insulation and other purposes,

6b. Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances to prevent him from being exposed to such deleterious and harmful asbestos related insulation materials, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function,

6c. Failed and omitted to place any warnings or sufficient warnings on their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos related insulation products, asbestos-containing products, and products requiring or involving asbestos and failed to warn of the risks and dangers associated with installation and removal of asbestos on their products,

6d. Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function,

6e. Inadequately warned, if, in fact, they warned at all, persons such as the Decedent of the dangers to their health from coming in contact with and breathing said asbestos, asbestos related insulation products, asbestos-containing products, and of the dangers involved in installing and removing asbestos from their products,

6f. Failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer,

6g. Did not recommend methods to improve the work environment,

6h. Failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or requiring in the use, operation or function of their products or to develop alternative products,

6i. Failed to provide adequate safety instruction for persons who would reasonably and forseeably come into contact with their products and the asbestos which would be used in the operation or function of their products,

6j. Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products,

6k. Failed to eliminate or reduce the amount of asbestos contained in their products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of their products,

6l. Continued to use or require use of a known cancer-causing product, to-wit: asbestos.

7. The Defendants intentionally misrepresented that their asbestos, asbestos related insulation products, asbestos-containing products, or products they knew or should have known required or involved asbestos for use, operation or function were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Plaintiff's injuries as stated herein.

8. The Defendants, as part of their business, manufactured, sold and delivered their asbestos products or products they knew or should have known required or involved asbestos for use, operation or function into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Plaintiff, without substantial change in the condition in which they were sold.

9. At all relevant times, the asbestos, asbestos related insulation products, asbestos-containing products, and the asbestos which they knew or should have known would be installed or used for the operation or function of their products, were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendants.

10. The Defendants expressly or impliedly warranted that said asbestos, asbestos related insulation products, asbestos-containing products, and products they knew or should have known required or involved asbestos for use, operation or function were of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

11. The Defendants breached the said warranties in that their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function were not fit and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products.

12. All or some of the Defendants became aware of the dangers of breathing asbestos before the Plaintiff was exposed to Defendants' asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function but they intentionally and fraudulently concealed the danger from the Plaintiff and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

13. Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Plaintiff and other human beings.

14. The Defendants jointly, and each individually, have at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by or on behalf of various Defendants in the asbestos industry.

15. It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers ad users of all dangers, characteristics and defects discovered subsequently to their marketing or sale of their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function, which duty the Defendants breached.

16. As a result of the acts of the Defendants as aforesaid and the Plaintiff's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and

products which they knew or should have known required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendants, Plaintiff SAMUEL FYFE, was diagnosed as suffering from asbestos-related lung disease, lung disease, pleural plaques and/ or loss of lung function. He endured pain and mental anguish and will continue to suffer in the future. His earning capacity has been impaired and he was severely restricted in his usual activities. He has been required and will be required to spend large sums of money for medical care and treatment. He is at increase risk of developing further impairment and of premature death. The foregoing injuries and damages are of a permanent nature and he has fear of suffering a premature death.

**SECOND COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES ON BEHALF OF SAMUEL FYFE**

17. Paragraphs 1 through 16 are hereby repeated and realleged as if fully set forth.

18. The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

19. The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the Plaintiff of the dangers of his exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

20. The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the Plaintiff from the known danger of asbestos.

By__MM08213___________________

Melissa M. Olson, Esq.
Federal Bar No: CT18813
Embry & Neusner
118 Poquonnock Road
Groton, CT 06340
(860) 449-0341
(860) 449-9070 (fax)
molson@embryneusner.com

Wherefore the Plaintiff claims against the Defendants jointly and severally:

1. Money damages.
2. The amount in demand is greater than $15,000.00
3. Punitive and exemplary damages.
4. Such other relief as the Court may deem proper.

Date at Groton this 15th day of October, 2010.

By __MM08213____________________
Melissa M. Olson, Esq.
Federal Bar No: CT18813
Embry & Neusner
118 Poquonnock Road
Groton, CT 06340
(860) 449-0341
(860) 449-9070 (fax)
molson@embryneusner.com

CERTIFICATE OF SERVICE

I hereby certify that on October 15th, 2010 a copy of the foregoing was served by United State first class mail, postage pre-paid. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Geoffrey L. Squitiero, Esq.
Maher & Murtha
528 Clinton Avenue
Bridgeport, CT 06605
Attorney for: Buffalo Pumps

Michael Simmons, Esq.
Bryna Rosen Misiura, Esq.
Governo Law Firm LLC
260 Franklin Street, 15th Floor
Boston, MA 02110
Attorney for: Buffalo Pumps

Dan Labelle, Esq.
Joshua M. Auxier, Esq.
Halloran & Sage
315 Post Road West
Westport, CT 016880
Attorney for: General Electric Co.

By_MM08213________________
Melissa M. Olson, Esq.